IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AUBREY WESTON, et al().            :        CIVIL ACTION
                                   :
        v.                         :
                                   :
PROGRESSIVE COMMERCIAL HOLDINGS,   :
INC., et al.                       :        NO. 10-980

MEMORANDUM

Bartle, C.J.                                    January 24, 2011

  Before the court is the motion of plaintiffs Aubrey and Neareen Weston (the "Westons") to remand this action to the Superior Court of Sussex County, Delaware pursuant to 28 U.S.C. § 1447(c) on the ground that diversity of citizenship is lacking. In the alternative, they request that this court abstain from deciding this action pending the outcome of <u>Weston, et al. v. Vasquez, et al.</u>, No. S09C-10-016, which they have also filed in the Delaware Superior Court.

  Plaintiffs, both Delaware citizens, have instituted this lawsuit against several insurance companies for underinsured motorist ("UIM") coverage and personal injury protection ("PIP") benefits as a result of physical injuries sustained in a motor vehicle collision. They seek damages and declaratory relief. Defendant Progressive Commercial Holdings, Incorporated ("Holdings") is a Delaware corporation and a wholly-owned

subsidiary of Progressive Corporation ("Progressive"), an Ohio corporation. Defendant Drive Insurance Holdings, Incorporated ("Drive") is also a Delaware corporation and a wholly-owned subsidiary of Progressive. Defendant United Financial Casualty Corporation ("United") is a citizen of Ohio and a wholly-owned subsidiary of Holdings.

I.

On October 15, 2007, Aubrey Weston was involved in an automobile accident in Delaware in which he alleges he sustained serious physical injuries and extensive damage to his car. The Westons brought suit against the owner as well as the operator of the other vehicle. See Weston, et al. v. Vasquez, et al., No. S09C-10-016 (Del. Super. Ct. Oct. 13, 2009). Those individuals purportedly have insufficient liability insurance to pay the claims of the Westons. The Westons then sought to collect from their own insurance carrier $100,000 in PIP benefits and $300,000 of UIM coverage. After coverage was denied on the ground that the Westons' policy or policies were not in effect because of late payment of the premium, the Westons brought a second suit in the Delaware Superior Court.[1] See Weston, et al. v. Progressive

---

1. In their complaint, the Westons allege that they had two insurance policies covering their 1998 Ford Club Wagon. It is unclear based on the current record as to the reason that the Westons maintained two policies.

Commercial Holdings, Inc., et al., No. S10C-10-017 (Del. Super. Ct. Oct. 14, 2010). It was this latter action which was removed.

In their complaint, the Westons state that the policies at issue had been cancelled for failure to pay the required premium. In Count I, the Westons claim that they were entitled to continuous insurance coverage pursuant to Delaware law, which, according to the Westons, compels an insurer who cancels a policy for nonpayment to renew the policy immediately upon actual receipt of payment if made within thirty days. See Del. Code Ann. tit. 18, § 3903(c). The Westons also allege that they received insufficient notice of cancellation under a Delaware statute, which requires at least ten days' notice before cancellation for nonpayment. See id. at § 3905(a). In Count II, the Westons plead common law claims for breach of contract and bad faith.

II.

In support of their motion to remand, the Westons maintain that complete diversity of citizenship is lacking under 28 U.S.C. § 1332(a). They point to the fact that two of the defendants are citizens of Delaware. The defendants counter that Holdings and Drive are nominal defendants who should be disregarded for purposes of determining diversity. According to defendants, United is the true party in interest and is a citizen

of Ohio. If defendants are correct, complete diversity exits, and this action was properly removed to this court.

Federal courts have subject matter jurisdiction to hear lawsuits where the parties are diverse citizens and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); In re Briscoe, 448 F.3d 201, 215-16 (3d Cir. 2006). Of course, diversity of citizenship must be complete, that is, the citizenship of all plaintiffs must be diverse from the citizenship of all defendants. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 67-68 (1996). However, the complete diversity rule may be disregarded where: (1) a defendant has been fraudulently joined; or (2) a defendant is a nominal party. See Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

Under the fraudulent joinder exception, the presence of a non-diverse defendant will not prevent a federal court from exercising diversity jurisdiction "if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" In re Briscoe, 448 F.3d at 216 (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992). If the court finds joinder was fraudulent, it may "disregard, for jurisdictional purposes, the citizenship of

certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Briscoe, 448 F.3d at 216 (internal quotations omitted) (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)).

Nominal parties are those without a true interest in the litigation. Bumberger v. Ins. Co. of N.A., 952 F.2d 764, 767 (3d Cir. 1991). "Typically, they are those 'named to satisfy state pleading rules ... joined only as [the] designated performer of a ministerial act ... or [who] otherwise ha[ve] no control of, impact on, or stake in the controversy.'" Jocz v. Eichleay Eng'rs, Inc., No. 08-4063, 2008 WL 5157503, at *6 (E.D. Pa. Dec. 9, 2008) (quoting Lincoln Property v. Roche, 546 U.S. 81, 92 (2005)). Stated differently, a nominal party is one who does not have an enforceable right or duty under substantive law. 15 James Wm. Moore et al., Moore's Federal Practice § 102.15 (3d ed. 2010). Thus, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980).

Here, Holdings is a parent company to United. Drive, like United, is a subsidiary of Progressive. Generally, a parent company is a distinct legal entity and will not be held liable for the acts of its subsidiary. Pearson v. Component Tech.

Corp., 247 F.3d 471, 484 (3d Cir. 2001) (citing United States v. Bestfoods, 524 U.S. 51, 69 (1998); Am. Bell Inc. v. Fed'n of Tel. Workers of Pa., 736 F.2d 879, 887 (3d Cir. 1984)). A court may only disregard the corporate form and hold a parent liable for the acts of its subsidiary if the subsidiary acted as an agent of the parent or if there is some basis for piercing the corporate veil. See Phoenix Canada Oil Co. Ltd v. Texaco, Inc., 842 F.2d 1466, 1476-78 (3d Cir. 1988); Freres v. SPI Pharma, Inc., 629 F. Supp. 2d 374, 385 (D. Del. 2009); Mobil Oil Corp. v. Linear Films, Inc., 718 F. Supp. 260, 270-72 (D. Del. 1989). A corporation is also generally not liable for the acts of its sister corporation absent a showing that the sister corporation was an alter ego or acted as an agent. See Gerling Int'l Ins. Co. v. Comm'r, 839 F.2d 131, 141 (3d Cir. 1988).

Plaintiffs are not clear as to why the Delaware insurance companies, Holdings and Drive, are proper defendants. Simply because all the defendant companies are somehow affiliated with one another is not sufficient. While the insurance policy or policies which appear to be at issue contain Drive and Progressive logos on several but not all pages, the policies clearly state that they are underwritten by United Financial Casualty Company. Although defendants argue that Holdings and Drive are nominal parties, the situation here appears more akin to fraudulent joinder. The presidents of both Drive and Holdings

have submitted affidavits declaring that Drive and Holdings did not offer, sell, issue, underwrite, or administer the insurance policies of the Westons. The Westons have not pleaded or asserted any valid reason that would justify disregarding the corporate form and holding both a parent company and a sister company liable for the acts of United, the company that actually issued the policy or policies in question. Regardless of whether they are nominal defendants or fraudulently joined, the citizenship of Holdings and Drive will be disregarded for purposes of determining diversity jurisdiction. See Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993).[2]

### III.

The Westons next argue that this court should abstain from deciding this action. Generally, a district court should decline to exercise jurisdiction over a declaratory judgment action involving an insurance coverage dispute where: (1) the

---

2. The Westons also argue that United should be deemed a citizen of Delaware. Under 28 U.S.C. § 1332(c), "in any direct action against the insurer ... to which the insured is not a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen." A "direct action" is one in which "the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured." McGlinchey v. Hartford Accident & Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989). However, the Court of Appeals has held that when an insured brings suit against his own insurance company, as the Westons have done here, it is not a "direct action" and § 1332(c) does not apply. Id. Thus, the Westons' argument in this regard is without merit.

same issues are being litigated in state court; (2) there is a conflict of interest between an insurer's duty to defend in a state action and its position in federal court; and (3) piecemeal or duplicative litigation would result. State Auto. Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000) (citing United States v. Pa. Dep't of Envtl. Res., 923 F.2d 1071, 1075-76 (3d Cir. 1991)). Federal courts should also consider abstention when faced with declaratory judgment actions involving questions of close or unsettled state law. Id. at 135.

Here, the Westons have sued the owner and operator of the other vehicle involved in the accident in a separate action in the Superior Court of Sussex County, Delaware. See Weston, et al. v. Vasquez, et al., No. S09C-10-016. The lawsuit pending before this court and the pending state court action do not deal with substantially identical issues. The action here includes a claim for PIP benefits, which are to be "paid ... by the insured's *own* carrier, *without regard to fault*," in a separate action from that against the tortfeasor. Harper v. State Farm Mut. Auto. Ins. Co., 703 A.2d 136, 139-40 (Del. 1997). It also involves a claim for UIM coverage, which is also typically litigated in a separate suit against the insured's own insurer. See, e.g., Connell v. Liberty Mut. Ins. Co., 841 F. Supp. 578, 583-84 (D. Del. 1994); Dunlap v. State Farm Fire & Cas. Co., 878 A.2d 434, 439-40 (Del. 2005); Sutch v. State Farm Mut. Auto. Ins.

Co., 672 A.2d 17, 18-20 (Del. 1995). In contrast, the pending Vasquez action deals with the question of the tortfeasors' liability and the amount of damages. United is not a party to the Vazquez action, and there is no potential conflict of interest. Because these actions involve separate issues and not identical parties, there is no reason to abstain based on the Vazquez action. Whether or not the court will decide to stay this case and await the outcome of the Vasquez action is a different issue.

Finally, the Westons argue that we should abstain because this action involves unsettled questions of Delaware law. See Summy, 234 F.3d at 135. Under Delaware law, an insurer must give the insured ten days' notice of cancellation for nonpayment of premium. See Del. Code Ann. tit. 18, § 3905(a). When an insurer fails to renew a policy for nonpayment, the insurer shall renew the policy if the insured tenders the full amount due within thirty days of the end of the policy period. Id. at § 3903(c). Under the statute, "the effective date of such renewed policy shall be the date of actual receipt by the insurer or its agent of the full premium payment due." Id. These statutes have been interpreted many times by the Delaware Supreme Court. See, e.g., State Farm Mut. Auto. Ins. Co. v. Mundorf, 659 A.2d 215, 218 (Del. 1995); Home Ins. Co. v. Maldonado, 515 A.2d 690, 692 (Del. 1986). The Westons essentially seek a

determination that a contract existed at the time of the accident. The issues of whether the Westons received timely notice of cancellation and when their insurance carrier actually received payment of the premiums are essentially issues of fact. This court declines to abstain on this ground.

IV.

Accordingly, the motion of plaintiffs for remand or in the alternative for abstention will be denied.